IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-60731-AHS

EILEEN ZAMMIT,

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant MSC Cruises, S.A. (hereinafter "Defendant" or "MSC"), hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages and Demand for Trial by Jury ("Complaint") (DE 1) and states as follows:

1. Admitted that this purports to be an action for damages against MSC Cruises S.A. for an incident alleged to have occurred on a vessel, but denied that damages exist or that the vessel was in navigable waters of the United States.

2. Admitted that this purports to be an action for damages, but denied that damages exist or that damages exceed $75,000 or that Plaintiff is entitled to interest, costs or attorney's fees.

3. Unknown, therefore denied.

4. Denied as phrased.

5. For purposes of this lawsuit only, MSC does not contest that the Court has jurisdiction.

6. Denied.

7. Denied as phrased.

8. Denied.

9. Denied.

10. Denied as phrased.

11. Unknown what sources Plaintiff is referencing. On that basis denied as phrased.

12. Unknown what sources Plaintiff is referencing. On that basis denied as phrased.

13. This paragraph calls for a legal conclusion rather than a factual admission. On that basis denied.

14. This paragraph calls for a legal conclusion rather than a factual admission. On that basis denied.

15. Denied.

16. Denied as phrased.

17. Denied.

18. Denied as phrased.

19. This paragraph calls for a legal conclusion rather than a factual admission. On that basis denied.

20. This paragraph calls for a legal conclusion rather than a factual admission. On that basis denied.

21. Admitted only that Plaintiff was a passenger aboard the *MSC Seaside* at or about the time alleged in the Complaint.

22. Denied.

## **COUNT I - NEGLIGENCE**

MSC hereby adopts and re-alleged each and every response to paragraphs 1 through 22 as

if set forth herein.

23. Denied as phrased.

24. Denied as phrased.

25. Admitted only that Defendant had a duty of reasonable care under the circumstances. Except as admitted, denied as phrased.

26. Denied, including all subparagraphs.

27. Denied.

28. Denied.

The **WHEREFORE** CLAUSE is denied.

## DEMAND FOR JURY TRIAL

Denied that Plaintiff is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, MSC asserts and states as follows:

### FIRST AFFIRMATIVE DEFENSE

General maritime law governs Plaintiff's claims and any recovery is limited thereby.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff did not exercise ordinary care or caution and failed to keep a proper and sufficient lookout to avoid the events or circumstances which caused her alleged injuries, damages, or losses, the existence of which MSC specifically denies; and that Plaintiff's own failure to exercise such care was the direct and proximate cause of the injuries, damages and/or losses allegedly sustained by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's negligence was the sole, proximate cause of her alleged injuries, if any, the existence of which the MSC specifically denies.

### FOURTH AFFIRMATIVE DEFENSE

The incident and injuries alleged by Plaintiff, the existence of which MSC specifically denies, were the result of superseding, intervening, and/or unforeseeable causes from which MSC had no duty to protect Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to act timely and reasonably and/or failed to exercise due care in order to minimize or mitigate her damages.

### SIXTH AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiff, the existence of which MSC specifically denies, were not the result of any act or omission on the part of the MSC but were caused by Plaintiff's pre-existing injuries and/or other trauma or illness suffered by the Plaintiff during her lifetime. To the extent MSC is liable for aggravating any pre-existing injury, illness or condition, which MSC specifically denies, Plaintiff's damages should only be for an amount commensurate with the degree that said pre-existing injury, illness or condition was aggravated by the conduct or omission of the MSC.

### SEVENTH AFFIRMATIVE DEFENSE

As a result of the conduct, acts or omissions of Plaintiff, as asserted in the Second Affirmative Defense above, Plaintiff is estopped from claiming the damages alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

The dangerous conditions alleged in the Complaint, the existence of which MSC specifically denies, were apparent, open and obvious to the passengers of the subject vessel, including Plaintiff, and should have been observed by Plaintiff in the ordinary use of her senses.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff had actual knowledge and/or notice of all dangerous conditions alleged in the Complaint, the existence of which MSC specifically denies, and should have realized and appreciated the potential for injury as a result of such alleged conditions; and, having a reasonable opportunity to avoid it, consciously and voluntarily exposed herself to same.

## TENTH AFFIRMATIVE DEFENSE

The alleged injuries or damages suffered by Plaintiff, the existence of which MSC specifically denies, were caused entirely by the actions and/or omissions of third parties for whom MSC has no responsibility or liability.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to seek timely and/or appropriate medical treatment for the injuries alleged in the Complaint, the existence of which MSC specifically denies, and such failure exacerbated any such injuries to the extent that any award of damages to Plaintiff must be proportionately reduced accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

MSC has no legal responsibility for the damages or injuries alleged by Plaintiff in the Complaint, the existence of which MSC specifically denies; however, in the event that the MSC is held liable, any liability being specifically denied by the MSC, such liability will be due in whole or in part to the breach of warranty, acts, omissions, activities, failures, recklessness or negligence

of others.  Accordingly, any recovery by Plaintiff against the MSC should be reduced in proportion to the respective negligence, fault, or responsibility of all other parties, persons, or entities, including their agents, servants, representatives, or employees who contributed to or caused any injury or damages to Plaintiff, if any, in accordance with the law governing comparative fault.

### THIRTEENTH AFFIRMATIVE DEFENSE

MSC's liability, if any, must be reduced by the comparative amount of liability and/or fault attributable to the Plaintiff for the reasons set forth in the preceding and subsequent affirmative defenses.

### FOURTEENTH AFFIRMATIVE DEFENSE

MSC did not have notice of the existence of the dangerous conditions alleged in the Complaint, the existence of which MSC specifically denies, and therefore MSC did not have a duty to warn Plaintiff as to the existence of same.

### FIFTEENTH AFFIRMATIVE DEFENSE

MSC fully discharged its duties to all passengers aboard the subject vessel, including Plaintiff, by warning of any and all dangers and/or conditions unique to the vessel, if any.

### SIXTEENTH AFFIRMATIVE DEFENSE

This action is governed by, and subject to, the terms, limitations and conditions contained within the Passenger Ticket Contract, and MSC adopts and incorporates same, in its entirety, into this Answer by reference.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As set forth in the Passenger Ticket Contract, Plaintiff's claims are governed by admiralty/maritime law, and/or this Court's admiralty jurisdiction, and therefore Plaintiff has no right to a jury trial and all disputes are to be tried without a jury.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**NINETEENTH AFFIRMATIVE DEFENSE**

The incident alleged in the Complaint was caused by a *force majeure* and/or Act of God. *Force Majeure's* and/or Acts of God are beyond Defendant's control and therefore Defendant is not liable for any loss or injury arising from a *force majeure* and/or Act of God.

**TWENTIETH AFFIRMATIVE DEFENSE**

MSC asserts that it did not have notice of an alleged unreasonably dangerous or defective condition.

WHEREFORE, having answered the Complaint for Damages and Demand for Trial by Jury and asserted affirmative defenses, MSC Cruises, S.A demands judgment in its favor and against Plaintiff, along with all costs and attorney's fees available pursuant to the Federal Rules of Civil Procedure.

Dated: June 16, 2020
Miami, Florida

Respectfully submitted,

MALTZMAN & PARTNERS, P.A.

By:    /s/ Steve Holman
Jeffrey B. Maltzman, Esq.
Florida Bar No. 48860
jeffreym@maltzmanpartners.com
Steve Holman, Esq.
Florida Bar No. 547840
steveh@maltzmanpartners.com
T. Alexander Devine, Esq.
alexd@maltzmanpartners.com
Florida Bar No. 10052
55 Miracle Mile, Suite 300
Coral Gables, FL 33134
Tel: 305-779-5665
Fax: 305-779-5664
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 16th day of June 2020. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: */s/ Steve Holman*
Steve Holman, Esq.
Florida Bar No. 547840


## SERVICE LIST
### CASE NO.: 20-cv-60731-AHS

| | |
|---|---|
| Brandon L. Chase, Esq.<br>bchase@cruiselawmiami.com<br>LAW OFFICES OF BRANDON L. CHASE, P.A.<br>2800 Ponce de Leon Blvd., Suite 1100<br>Coral Gables, FL 33134<br>Phone: 305-677-2228<br>Fax: 305-677-3232<br>*Attorney for Plaintiff* | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Steve Holman, Esq.<br>steveh@maltzmanpartners.com<br>T. Alexander Devine, Esq.<br>alexd@maltzmanpartners.com<br>MALTZMAN & PARTNERS, P.A.<br>55 Miracle Mile, Suite 300<br>Coral Gables, FL 33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendant* |